Daphne Sheridan Bass, SBN 114446
LAW OFFICES OF DAPHNE SHERIDAN BASS
921 26th St.
Santa Monica, CA 90403
Tel. 424-781-0988
Fax 310-774-0046
daphneblaw@gmail.com
*Attorney for Plaintiff*
*Cosmetic Design Group, LLC*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COSMETIC DESIGN GROUP, LLC<br>A Delaware company.<br><br>Plaintiff,<br><br>vs.<br><br>BORA CREATIONS S.L., a foreign entity;<br>COSNOVA INC. a Delaware company;<br>COSNOVA GmbH, a foreign entity; and<br>DOES 1-10 inclusive.<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR DAMAGES:**<br><br>**1. TRADEMARK COUNTERFEITING;**<br><br>**2. FEDERAL TRADEMARK INFRINGEMENT;**<br><br>**3. FALSE DESIGNATIONS OF ORIGIN AND FALSE ADVERTISING;**<br><br>**4. UNFAIR COMPETITION UNDER CAL. BUS & PROF. CODE 17200 ET SEQ.**<br><br>**5. COMMON LAW UNFAIR COMPETITION.**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT FOR DAMAGES: - 1

Plaintiff Cosmetic Design Group, LLC ("Plaintiff") for its claims against Defendant Bora Creations S.L., Defendant Cosnova Inc. and Defendant Cosnova GmbH (hereinafter collectively known as "Defendants") respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff files this action against Defendants for trademark counterfeiting and trademark infringement under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of false designation of origin and false advertising and unfair competition and under the common law and statutory law of the State of California. This Court has subject matter jurisdiction over the Federal trademark counterfeiting and infringement claims pursuant to 28 U.S.C.A. §§ 1121(a), 1331, 1338(a).

2. This Court has subject jurisdiction over the remaining claims pursuant to 28 U.S.C.A. § 1367, since those claims are related to and arise from the same set of facts as Plaintiffs' trademark infringement claims.

3. This Court has personal jurisdiction over Defendants because the acts complained of occurred in this judicial district.

4. This action arises out of wrongful acts by Defendants within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff Cosmetic Design Group, LLC ("Plaintiff") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in Culver City, California.

6. Upon information and belief, Defendant Bora Creations S.L. is a foreign entity related to Defendant Cosnova Inc., a Delaware company and Defendant Cosnova GmbH, a foreign entity. Defendants Cosnova Inc. and Cosnova GmbH ("Defendants Cosnova") are related to each other.

7. Plaintiff is unaware of the names and true capacities of Defendants,

COMPLAINT FOR DAMAGES: - 2

whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names. Plaintiff will seek leave to amend this Complaint when their true names and capacities are ascertained. Plaintiff is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

8. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior. Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cause such acts and the behavior described herein, which duty Defendants and DOES 1 through 10, inclusive, failed and/or refused to perform.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Since 1998, Plaintiff has engaged in the business of distribution and retail sale of cosmetics and makeup products throughout the United States and around the world. Plaintiff sells its products online on its website as well as in well-known retail outlets throughout the country including Amazon, Ulta, Sally Beauty, jet.com and Walmart, among others.

10. Plaintiff has applied for and obtained several registered United States trademarks, including U.S. Registration 3773602 for its trademark LIQUID METALS for eye pencils, eyeliner, eye shadow liquid eyeliner and eye shadow pencils. The trademark LIQUID METALS has enjoyed use since, at least, January 15, 2009. This federal registration is incontestable.

11. Over the past several years, Plaintiff has spent money and resources promoting and advertising its LIQUID METALS mark so that the public is aware that

COMPLAINT FOR DAMAGES: - 3

the LIQUID METALS mark and the products which bear the LIQUID METALS mark emanate from Plaintiff.

## DEFENDANTS' INFRINGING CONDUCT

12. On or about December, 2016, Plaintiff discovered that Defendants Cosnova were advertising, marketing and selling on the internet an eye shadow product using Plaintiff's registered mark LIQUID METALS without the "s" at the end. Defendants' illegal use of LIQUID METAL appears in retail outlets in California as well as several online outlets and include the identical online retail outlets Ulta and Amazon, offering Plaintiff's products for sale. A printout of the Ulta online retail store displaying Plaintiff's product and Defendants' product is attached hereto as Exhibit "A".

13. Neither of the Defendants Cosnova is authorized to manufacture, distribute, advertise, offer for sale, use and/or sell products bearing Plaintiff's LIQUID METALS trademark or any confusingly similar mark.

14. By letter of April 19, 2017, Plaintiff notified Defendant Cosnova GmbH of Plaintiff's rights in its LIQUID METALS trademark, provided Defendant Cosnova GmbH with a copy of its LIQUID METALS federal registration certificate and demanded that Defendant Cosnova GmbH cease and desist their illegal usage.

15. Despite Plaintiff's cease and desist notification, Defendant Cosnova GmbH told Plaintiff on May 15, 2017 that it intended to continue to infringe Plaintiff's registered trademark regardless of Plaintiff's federal registration and Plaintiff's objections.

16. Continuing through the present time, Defendants continue their illegal conduct without regard to Plaintiff's rights and have since expanded their infringement to include use of Plaintiff's mark on additional products identical to those of Plaintiff; all of which is causing undue damage to Plaintiff's rights in its valuable mark.

# FIRST CLAIM FOR RELIEF

## (Trademark Counterfeiting – 15 U.S.C. § 1114)

17. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

18. Defendants, without authorization from Plaintiff, have used, caused to use and are continuing to use a designation that is essentially identical to, or substantially indistinguishable from, Plaintiff's mark in interstate commerce.

19. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that Defendants' counterfeit products are authorized products of Plaintiff.

20. Upon information and belief, Defendants have acted with knowledge of Plaintiff's ownership of the LIQUID METALS trademark and with deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill in Plaintiff's LIQUID METALS mark.

21. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. § 1114).

22. Upon information and belief Defendants have made and will continue to make substantial profits and gains to which they are not entitled.

23. Upon information and belief, Defendants intend to continue their infringing acts unless restrained by this Court.

24. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

25. In light of the foregoing Plaintiff is entitled to injunctive relief prohibiting Defendants from using the mark LIQUID METALS or LIQUID METAL or any mark identical and/or confusingly similar thereto for any purpose and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing act and all gains, profits and advantages obtained by

COMPLAINT FOR DAMAGES: - 5

Defendants as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to and/or statutory damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c),

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. 1114)

26. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

27. The LIQUID METALS is recognized, including within the Central District of California, as being affixed to goods emanating from Plaintiff.

28. The registration embodying the LIQUID METALS marks is in full force and effect, and Plaintiff has authorized vendors to sell products bearing this mark.

29. Defendants' unauthorized use of the LIQUID METALS mark in interstate commerce and advertising constitutes false designation of origin and a false representation that its products are authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods.

30. Defendants' unauthorized use of the LIQUID METALS mark is without Plaintiff's permission or authority and is in total disregard of Plaintiff's right to control its trademarks.

31. Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or are otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

32. Upon information and belief Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's mark.

33. As a direct and proximate result of Defendants' willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and

COMPLAINT FOR DAMAGES: - 6

reputation unless Defendants are restrained by this Court from infringing Plaintiff's trademark LIQUID METALS.

34. In light of the foregoing Plaintiff is entitled to injunctive relief prohibiting Defendants from using LIQUID METALS or any mark identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees that Plaintiff has sustained and will sustain as a result of such infringing act, and all gains profits and advantages obtained by Defendants as a result thereof, in an amount not yet known as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c).

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin and False Advertising – 15 U.SC. § 1125(a))

35. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

36. Plaintiff's LIQUID METALS mark is inherently distinctive, has achieved a high degree of consumer recognition and serves to identify Plaintiff as the source of high-quality goods.

37. Defendants' promotion, advertising, distribution, sale, and/or offering for sale of a product bearing Plaintiff's trademark is intended and is likely to confuse, mislead or deceive consumers, the public, and the trade as to the origin source, sponsorship, or affiliation and is intended, and is likely to cause such parties to believe in error that the Defendants' products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendants are in some way affiliated with Plaintiff.

38. Defendants' use of the LIQUID METAL mark is without Plaintiff's permission or authority and is in total disregard of Plaintiff's right to control its trademark.

39. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

40. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the LIQUID METALS mark, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C. § 1117(c)

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition Under California Bus. & Prof. Code 17200 et seq.)

41. Plaintiff repeats and re-alleges the allegations of Paragraphs 1-40 of this Complaint as if set forth fully herein.

42. Plaintiff is informed and believes, and thereon alleges, that Defendants' acts of trademark infringement, false designation of origin and false advertising complained of herein constitute unfair competition with Plaintiff under the statutory laws of the State of California, particularly, California Business & Professions Code § 17200 et seq.

43. Defendants' unlawful acts in appropriating rights in the LIQUID METAL mark was intended to capitalize on Plaintiff's good will associated therewith for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its respective brand. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Plaintiff.

44. Defendants' unauthorized use of the LIQUID METALS mark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

COMPLAINT FOR DAMAGES: - 8

45. Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

46. Defendants' acts constitute unfair competition under California common law.

47. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.  Plaintiff is informed and believes, and thereon alleges, that Defendants have derived and received, and will continue to derive and receive, gains, profits and advantages from Defendants' unfair competition in an amount that is not presently known to Plaintiff.  By reason of Defendants' alleged wrongful acts as alleged in this Complaint, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

48. Plaintiff is informed and believes, and thereon alleges that, by their actions, Defendants have injured and violated the rights of Plaintiff and have irreparably injured Plaintiff, and such irreparable injury will continue unless Defendants are enjoined by this Court.

### FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

49. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

50. Plaintiff owns and enjoys common law trademark rights to the trademark LIQUID METALS in California and throughout the United States.

51. Defendants' unlawful acts in appropriating rights in the LIQUID METALS mark was intended to capitalize on Plaintiff's goodwill associated therewith for Defendants' own pecuniary gain.  Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its brand.  As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to the Plaintiff.

COMPLAINT FOR DAMAGES: - 9

52. Defendants' unauthorized use of the LIQUID METALS trademark has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Plaintiff.

53. Defendants' acts are willful, deliberate and intended to confuse the public and to injure Plaintiff.

54. Defendants' acts constitute unfair competition under common law.

55. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

56. The conduct herein complained of was extreme, outrageous fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and, as such, supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendants and to deter them from similar such conduct in the future.

57. Defendants' acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

58. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the LIQUID METAL mark for any purpose, and to recover all damage, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1. Granting temporary, preliminary and permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees, and attorneys, and all those persons or entities in active concert or participation with them from:

COMPLAINT FOR DAMAGES: - 10

(a) Manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear the LIQUID METALS trademark or any other mark confusingly similar thereto:

(b) Engaging in any other activity constituting unfair competition with Plaintiff, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiff;

(c) Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, produced by, sponsored by, or in any other way associated with Plaintiff;

2. Ordering Defendants to recall from any distributors and retailers and to deliver to Plaintiff for destruction or other disposition all remaining inventory of all infringing products, including all advertisements promotional and marketing materials therefore, as well as means of making same.

3. Ordering Defendants to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction;

4. Ordering an accounting by Defendants of all gains, profits and advantages derived from their wrongful acts;

5. Awarding Plaintiff all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117(a);

6. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C.

COMPLAINT FOR DAMAGES: - 11

§ 1117(b);

7. Awarding applicable interest, costs, disbursements and attorneys' fees pursuant to 15 U.S.C. § 1117(b);

8. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. § 1117(c); and

9. Such other relief as may be just and proper.

Dated: June 21, 2017

Daphne Sheridan Bass, Esq.
LAW OFFICES
DAPHNE SHERIDAN BASS
*Attorney for Plaintiff*
*Cosmetic Design Group, LLC*

COMPLAINT FOR DAMAGES: - 12